YALE UNIVERSITY ADJUSTMENT SERVICE *v.*
JOHN GALLICHON
(8035)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Submitted on briefs January 16—decision released April 10, 1990

*Jeannette T. Chambers* filed a brief for the appellant (plaintiff).

*John Gallichon,* pro se, the appellee (defendant), filed a brief.

O'CONNELL, J. The plaintiff appeals from a judgment for the defendant, rendered after a trial to the court. The plaintiff brought this collection action following the defendant's default on a student loan.[1] The plaintiff claims the trial court erred in finding that there was insufficient evidence to determine the amount due on the note.[2] We find error.

On September 19, 1978, the defendant, at that time a Yale University graduate student, executed a promissory note for $3950, payable to the order of the plaintiff, in connection with a student loan. The note provided for interest at the rate of 7 percent per annum with the debt to be paid in forty installments. It also

---

[1] Judgment was rendered for the plaintiff on the second count, in which the plaintiff sought payment of unpaid room and board charges. The defendant did not appeal from that part of the judgment.

[2] In view of our disposition of the first claim of error, we do not reach a second claim of error pertaining to the burden of proof as to payments made. The third claim of error relating to the balance due is subsumed under our analysis of the first claim.

provided for costs of collection in the event of default.[3] The defendant left the university without receiving his degree, and the debt became due according to its terms. After making certain unspecified payments on the note, the defendant ceased payment.

In its complaint, the plaintiff alleged that "after allowing all credits and payments due the defendant, there remains due and owing to the plaintiff from the defendant the sum of $5028.87 . . . ." The defendant explicitly stated in his answer that *"the defendant does not dispute the amount of the claim* nor his moral obligation to make every effort to pay such claim. The defendant has never made any attempt to deny the validity of his obligation to pay plaintiff." (Emphasis added.) The remainder of the answer dealt with matters unrelated to the defendant's liability on the note. In his trial testimony, the defendant again acknowledged the validity of the note and the amount due thereon. He testified that he suspended payments on the note when the university refused to award him a degree. He asserted that payments would be resumed when and if the university reversed its decision to refuse him a degree.

The defendant claims, in essence, that the university breached its obligations to him when it "unfairly" changed its degree requirements during the course of his studies. He contends that he need not resume payments on the note until this dispute is resolved. Any disagreement over the granting of the degree is completely irrelevant to this action, however, because the defendant's obligation to repay the borrowed money is separate and distinct from any disagreement about his degree.

The defendant likens his failure to abide by the terms of the note to such consumer legislation as our auto-

---

[3] The plaintiff, however, has not sought attorney's fees in this action.

mobile "lemon law." We do not find this to be a valid comparison. None of the defendant's claims in any way supports his refusal to meet his obligation under the note. Nor did this argument persuade the trial court, which found the defendant liable on the note. The court concluded, however, that because there was no evidence to show the amount already paid by the defendant, the amount due could not be determined. We disagree.

The amount due can be determined readily from the pleadings. The complaint alleged that the defendant executed a note that now has an unpaid balance of $5028.27, and the defendant's answer admitted both the validity of that note and the amount due. It is axiomatic that the admission in a pleading of the truth of an allegation is conclusive upon the pleader. *West Haven Sound Development Corporation* v. *West Haven,* 201 Conn. 305, 312, 514 A.2d 734 (1986); 2 B. Holden & J. Daly, Connecticut Evidence (1988) § 103 (b). Accordingly, the pleadings support a plaintiff's judgment for $5028.27, and judgment should have rendered for that amount.

There is error, the judgment is set aside as to the first count of the plaintiff's complaint and the case is remanded with direction to render judgment on that count in favor of the plaintiff in the amount of $5028.27.

In this opinion the other judges concurred.